980 F.2d 731
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Reginald HOLLAND, Defendant-Appellant.
 No. 92-5299.
 United States Court of Appeals, Sixth Circuit.
 Nov. 23, 1992.
 
 Before KENNEDY, BOYCE F. MARTIN, Jr. and SUHRHEINRICH, Circuit Judges.
 
 ORDER
 
 1
 This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Reginald Holland pleaded guilty to cocaine possession in violation of 21 U.S.C. § 841(a)(1) and of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g). Holland reserved his right to appeal the denial of a suppression motion in a hearing held prior to the entry of the plea. Both parties are represented by counsel and have agreed to waive oral argument.
 
 
 3
 Holland's appellate argument centers on the district court's review of the magistrate judge's recommendation to deny Holland's motion to suppress evidence. Counsel for Holland contends that, as witness credibility was the key to the suppression decision, the de novo review requirement of 28 U.S.C. § 636(b)(1) means that a second evidentiary hearing should have been held by the district court. In United States v. Raddatz, 447 U.S. 667, 675-76 (1980), the United States Supreme Court declined to read into 28 U.S.C. § 636(b)(1) the mandate that de novo review of a magistrate's report include a second evidentiary hearing. Our adoption of Holland's appellate position would run afoul of the Raddatz holding.
 
 
 4
 Defendant also argues that since the judge found discrepancies between the testimony of the officers yet accepted the magistrate judge's credibility findings, the judge did not really make an independent review of the evidence. The fact that the judge noted the very minor discrepancies demonstrates that he did in fact make an independent review of the evidence. After doing so he concluded that the officers' testimony was more consistent on key points. The appeal is meritless.
 
 
 5
 Accordingly, the district court's judgment is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.